800

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRADLEY EDWARD ALLEN, Defendant-Appellant.

(No. 73-244; )

Second District (2nd Division)—February 10, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

The defendant was charged with the offense of burglary. He waived indictment, entered a plea of guilty and was sentenced to not less than 1 year nor more than 3 years in the penitentiary. In this appeal the defendant contends his conviction should be reversed because the trial court failed to properly admonish him in accordance with Supreme Court Rule 401(b) before accepting the defendant's waiver of indictment.

Supreme Court Rule 401(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 401 (b)) provides as follows:

"(b) Waiver of Indictment. Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel as provided in paragraph (a) of this rule and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment.

Prosecution may proceed by information or complaint after waiver of indictment by the defendant if the State expressly concurs in the waiver in open court."

■■ It should be noted that the language of Rule 401 quoted above, while clear and definite as to the judge's obligation in admonishing the defendant, does not prescribe any particular language, nor does it require that the defendant himself use any particular form of acknowledgment of his understanding of the admonishment. All that is required is that the judge inform the defendant personally in open court of his rights and determine that the defendant understands such rights well enough to make a knowing and intelligent waiver of them. As long as the judge brings the question to the attention of the defendant in open court so that it becomes part of the common-law record and obtains from the defendant a response indicating to the judge's satisfaction a knowing intention to relinquish such right, there is substantial compliance with the rule, *People v. Loy*, 52 Ill.2d 126; *People v. Page*, 38 Ill.2d 611, 615-616.

■■ Prior to the waiver of indictment the defendant had made a written confession, which was on file with the police, describing the burglary in detail. No motion was made to suppress this confession, and it may therefore be deemed to have been voluntary. In the light of this prior confession it is clear that the following colloquy, which took place in open court, evidenced a knowing and voluntary waiver by the defendant of his right to indictment by the grand jury:

"THE COURT: Bradley Edward Allen, were you in the courtroom when I was explaining to the Behrendts what a waiver of the Grand Jury is?

THE DEFENDANT: Yes, your Honor.

Q. Could you hear me?

A. Yes.

Q. You understand what your lawyer is doing? He has made a motion to waive the Grand Jury. You are entitled to have your case presented to twenty-three citizens by the State's Attorneys Office to see whether they think that is enough evidence to hold you to trial. You understand that you have that right?

A. Yes, your Honor.

Q. How far did you go in school?

A. Sophomore.

Q. You read and write English and you have had civics, so you know what you are doing?

A. Yes, your Honor.

Q. You want to waive the Grand Jury?

A. Yes.

Q. You have any questions before you waive or give up your right to a Grand Jury?

A. No, your Honor."

In view of this colloquy there can be no doubt that the defendant was sufficiently informed as to the nature of the right he was waiving and that he understandingly waived it. While the rule provides that the court should also explain to the defendant, prior to accepting a waiver of indictment, the nature of the charge and the minimum and maximum sentences applicable, the fact that this was done immediately *afterwards* when the plea of guilty was accepted instead of immediately prior to waiving the grand jury is inconsequential in view of the admittedly voluntary plea of guilty made immediately thereafter following a thorough admonishment by the court. In view of his previous record the defendant could not possibly have been prejudiced by the *order* in which the admonishment as to minimum and maximum sentence and the nature of the charge were given with respect to the grand jury waiver, and the guilty plea following forthwith would have obviated a trial in any event. As was said by our supreme court in *People v. Page*, 38 Ill.2d 611, 615-16:

"In fact, the only conceivable manner in which defendant here could have been prejudiced by his waiver of indictment is to assume that a grand jury hearing the evidence against a defendant who has made an unchallenged, incriminatory statement [which

the defendant in this case had made also] regarding an armed robbery might not indict him. To say that the existence of this highly improbable possibility constitutes sufficient cause to reverse the judgment and vacate the plea of guilty accepted only after a thorough explanation and admonition by the trial judge would be an exaltation of form over substance to which we cannot subscribe."

The record taken as a whole in this case completely refutes the idea of any prejudice to the defendant resulting from his waiver of indictment by a grand jury. In the recent case of *People v. Dudley,* 58 Ill.2d 57, 60-61, our supreme court, in affirming a judgment of conviction, said:

"It does not follow, however, that the failure to comply with these provisions of Rule 402(b) must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. \* \* \* What we observed in *People v. Morehead,* 45 Ill.2d 326, 332, is appropriate here: 'It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied \* \* \*.'"

The defendant cites the case of *People v. Roberts* (4th Dist.), 5 Ill. App.3d 840, as establishing that lack of proper admonishment as to waiver of indictment negates a conviction even where there is a subsequent guilty plea. But that case is clearly distinguishable from the one before us. In the *Roberts* case the defendant was charged with escape, but subsequently the State sought leave to amend the information to assert a violation of "sec. 121 of ch. 108, Ill. Rev. Stat.," which provides for a mandatory consecutive sentence in the event of conviction. While there was a written waiver of indictment, the record did not indicate that any explanation was given by the court of the right of indictment by grand jury. Moreover, other questions were raised both with regard to a different offense for the same conduct with a mandatory consecutive penalty and with regard to an inference of plea bargaining not clear from the record. The court said (5 Ill.App.3d 840, 843): "A waiver of the right to indictment by a grand jury, particularly in view of the amended information charging an offense mandating an enhanced penalty, cannot be predicated upon such inference." While the court found that there had not been sufficient compliance with Rule 401, the facts are not apposite to the present case, and the element of an enhanced mandatory penalty no doubt induced a more cautious treatment of Rule 401 than is required under the straight-forward facts we consider here involving a simple burglary.

The cited case of *People v. Culbert*, 69 Ill.App.2d 162, a decision of this court, has no similarity to the case at bar. There the charge was indecent liberties and the defendant was without counsel and clearly did not understand, nor was he informed by the court as to the significance of a waiver of his right to indictment by a grand jury. The nature of the case indicated a possible strategic difference between indictment, which would consider the credibility of the complaining witness, and information, which takes such credibility for granted, but the defendant merely stated he would leave it up to the judge which course the prosecution should pursue. The danger of prejudice to the defendant by a waiver of indictment was very real in that case. It is a fiction here.

The recent case of *People v. Avery*, 16 Ill.App.3d 986, also cited by defendant, we do not find persuasive. There the defendant's response to the admonition under Rule 401 showed a misunderstanding as to the nature of the right to indictment, and the court did not enlighten the defendant. Moreover, there were also deficiencies as to Rule 402, and the court's remarks indicated an assumption that the defendant wished to plead guilty before he actually did so. We do not consider the facts of that case to be apposite to the one before us.

As to the case of *People v. Schyska* (3rd Dist.), 14 Ill.App.3d 557, referred to by defendant, we can only say that we do not agree with the conclusion therein reached, and we believe it is not in keeping with the philosophy of the supreme court in *Dudley*, to the effect that procedural errors of this sort (errors where the information as to minimum and maximum sentence and evidence setting forth the nature of the charge was given immediately after waiver of indictment and immediately before the guilty plea, rather than immediately before the waiver of indictment) do not justify a reversal of the conviction where no prejudice is shown to the defendant by such error. In the *Schyska* case the court remarked (14 Ill.App.3d 557, 560):

> "As a consequence, because of the nature of the Rules, *even though we may be privately persuaded that the defendant knows very clearly of the minimum and maximum sentences*, and could, if he chose, withdraw the waiver of indictment, we believe we are not privileged to disregard the specific injunction that the court shall not permit a waiver of indictment by a defendant unless the court has informed defendant of the minimum and maximum sentences prescribed by law." (Emphasis added.)

Obviously, the court was not free from doubt in this case but accepted the narrower viewpoint because it believed the rule called for literal compliance. The *Dudley* case and the case of *People v. Krantz*, 58 Ill.2d 187, seem to dispense us from such literal compliance with the supreme

court rules governing guilty pleas where no prejudice from a less strict application is shown.

In the case before us there is no error apparent in the record except the highly technical point that the defendant was not admonished as to the minimum and maximum sentence for burglary and admonished as to the nature of the charge immediately before instead of immediately after indictment was waived (that is, just prior to accepting his guilty plea). At the time of his guilty plea, although only 18, the defendant had been charged with some 82 burglaries and found to be involved in at least 15 (the defendant remarked that he had been charged with 82 burglaries "but they only proved 15"). We may assume that the defendant had been previously admonished at least informally as to the possible sentencing for burglary more than once and was well aware of the nature of the charge of burglary. In any event, he was thoroughly informed in the trial court as to the nature of the charge, before he pleaded guilty to this particular burglary, and he knew exactly what conduct the charge was based on. Obviously, then, real justice was not denied by the error in procedure which the defendant complains of. He came into court with his attorney, after consulting with him, intending to do just what he in fact did—waive indictment and plead guilty to the information. His clear-cut, detailed confession to the police was already on file telling exactly how he committed the burglary, and there was no claim that the confession was not voluntary. Under these circumstances there was no point in requiring a grand jury to indict the defendant. It would certainly "[exalt] form over substance" as was said in *Page* (38 Ill.2d 611, 616) to reverse the defendant's conviction on the technicality he now raises as to his waiver of indictment.

We find no error in the record and the judgment of the circuit court of Winnebago County is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.