THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN JOSEPH JENKINS, Defendant-Appellant.

(No. 74-62;

Second District (1st Division)—April 24, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Edward N. Morris, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was prosecuted under the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401), waived indictment by the grand jury, entered a plea of guilty to the charge and was sentenced to a term of 1 to 3 years in the penitentiary. The sole issue presented on review is whether the trial court adequately admonished the defendant as to the nature of the charge in connection with the defendant's waiver of his right to indictment by a grand jury and his plea of guilty to the charge. We affirm.

On May 10, 1973, Deputy Michael Smith filed a complaint charging that on February 27, 1973, the defendant, John Joseph Jenkins, had violated the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401) in that he "knowingly and unlawfully delivered to Deputy Michael Smith less than 30 grams of a controlled substance containing lysergic acid diethylamide (LSD)." Thereafter, the defendant was arrested and released on a $3500 bond.

On October 10, 1973, the defendant appeared in court for the purpose of waiving his right to indictment by the grand jury, thereby allowing the State to prosecute him on the basis of an information. The waiver of one's right to an indictment by the grand jury is governed by Supreme Court Rule 401(b) (Ill. Rev. Stat. 1973, ch. 110A, par. 401(b)).

In the case at bar, the defendant was represented by counsel at this and at subsequent court proceedings as well. Pursuant to this rule, the trial judge stated the following which is pertinent to this appeal.

> "You are charged in this Information that the People wish to file with a violation of the Illinois Controlled Substance Act,

which is alleged to have occurred on February 27, 1973, in Winnebago County, Illinois, by delivering to a Michael Smith a quantity of LSD less than thirty grams in amount. This is the nature of the charge. Do you understand that?"

The defendant responded that he did understand the nature of the charge. In addition, the defendant was informed by the trial judge of the penalty to which the defendant may possibly have been subjected, the composition and function of the grand jury, and his right to a grand jury indictment as a prerequisite to prosecution by the State. Throughout this explanation of his rights, the trial judge inquired of the defendant if he understood these matters, and the defendant had responded in the affirmative. Having ascertained that the defendant understood his rights and that he voluntarily waived them, the trial judge allowed the waiver and permitted the filing of the information by the State's attorney of Winnebago County.

After a brief recess, counsel for the defendant informed the court that as a result of negotiations with the State, his client was prepared to enter a plea of guilty to the offense charged in the information. The agreement with the State, wherein the State promised not to prosecute the defendant for another alleged delivery of a controlled substance to Michael Smith on February 16, 1973, was stated in open court. Then the trial judge addressed himself to the defendant in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), pertaining to pleas of guilty.

In informing the defendant and determining that he understood the nature of the charge, the trial judge stated

"* * * In that event, there are certain things that I must say to you, and I guess some of them I will have to explain to you again as I just did a few minutes ago.

I will call your attention again to the fact that you have been charged here with violation of the Controlled Substance Act, claimed to have occurred on February 27, 1973, in Winnebago County, Illinois, by the delivery to one Michael Smith a quantity of LSD less than thirty grams.

That is the nature of the charge. Do you understand that?"

The defendant responded affirmatively. The trial judge then informed the defendant of the minimum and maximum sentences, of his right to plead not guilty and to be tried by a jury or by the court, and of the consequences of waiving his rights to a trial by pleading guilty. Thereafter, the factual basis for the prosecution was read into the record and was undisputed by the defendant. The trial judge inquired of the defendant if he still wished to enter a plea of guilty to the offense. Having determined that the defendant understood all of his rights and that the

plea was voluntary, the court accepted the guilty plea of the defendant.

On November 8, 1973, a sentencing hearing was held and the court imposed a sentence of 1 to 3 years imprisonment upon the defendant. This appeal followed.

The defendant contends that both the waiver of the indictment and the plea of guilty are defective because the court failed adequately to inform the defendant of the nature of the charge. Both Supreme Court Rule 401(b), pertaining to the waiver of an indictment and Supreme Court Rule 402, pertaining to pleas of guilty, require that the court inform the defendant of "the nature of the charge." (Ill. Rev. Stat. 1973, ch. 110A, pars. 401(b)(1), 402(a)(1).) The defendant was charged with violation of section 401 of the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401), which states in pertinent part:

"§ 401. Except as authorized by this Act, it is unlawful for any person *knowingly* to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance    *    *    *."

As reflected in the record quoted above, the trial judge did not use the word *knowingly* when informing the defendant of the nature of the charge in admonishing him prior to his waiver of indictment and prior to accepting his plea of guilty. According to the defendant, this omission renders both the waiver of the indictment and the plea of guilty defective. Defendant argues that it was incumbent upon the trial judge to explain each and every element of the offense to the defendant in order fully to inform him of the nature of the charge. Here, the defendant contends the necessary element of intent or mental state was omitted, and that therefore, he was not fully informed of the nature of the charge in accordance with Supreme Court Rules 401(b) and 402.

■■ In determining whether the trial court had adequately informed a defendant and had insured his understanding of the nature of the charge pending against him, the Illinois Supreme Court recently stated in interpreting this specific provision of Supreme Court Rule 402 that:

"We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza*, 48 Ill.2d 371, 373-374.) Also, the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. *People v. Doyle*, 20 Ill.2d 163, 167; *People v. Harden*, 38 Ill.2d 559, 563, aff'g *People v. Harden*, 78 Ill.App.2d 431, 444-445.

*    *    *

'[T]he remarks and advice of the court must be read in a practical and realistic manner. The essentials have been complied with if an ordinary person in the circumstances of the accused would understand them as conveying the information required by the*

rule.' (*People v. Doyle*, 20 Ill.2d 163, 167; see also *People v. Caldwell*, 55 Ill.2d 152, 156.) We judge that a review of the record shows that the trial court satisfied the requirements of Rule 402 in informing the accused of and determining that he understood the nature of the charge against him." (Emphasis added.)

(*People v. Krantz* (1974), 58 Ill.2d 187, 192, 193, 317 N.E.2d 559.) In *Krantz*, the court had merely inquired of the defendant, "Mr. Krantz, do you understand what you're charged with in these indictments, forgery?" The court in ruling that the defendant had been properly informed of the nature of the charge in entering his plea of guilty, looked to the record as a whole, including the recital of the factual basis for the prosecution. See also *People v. Gratton* (1974), 19 Ill.App.3d 503, 505, 311 N.E.2d 717; *People v. Diaz* (1973), 15 Ill.App.3d 280, 283, 304 N.E.2d 103, 106.

Moreover, this court has held that when informing the defendant of the nature of the charge pursuant to Supreme Court Rule 402, the court is not required to explain each element of the offense. Rather, we have held that "the record as a whole should disclose that the defendant has been advised of the 'essence, general character, kind or sort' of the offense to the extent that the particular defendant before the court deciding on the options available to him has a common understanding of the nature of the charge." *People v. Diaz* (1973), 15 Ill.App.3d 280, 283, 304 N.E.2d 103, 106.

■■ Although these cases involved the issue of whether the defendant was informed of and understood the "nature of the charge" in accordance with Supreme Court Rule 402, we are of the opinion that the same principles apply to a determination of whether the defendant understood the "nature of the charge" under Supreme Court Rule 401(b).

Having reviewed the record as a whole, we find that the defendant was advised of and did understand the essence or general character of the offense. The omission of the word *knowingly* by the trial judge in explaining the nature of the charge to the defendant did not render the waiver of the indictment or the plea of guilty defective. The record when viewed as a whole discloses that the defendant understood the nature of the charge, and indeed understood that he was charged with knowing the nature of the substance delivered to Michael Smith.

■■ We therefore find that the defendant was properly admonished as to the nature of the charge, and that his waiver of an indictment and plea of guilty conformed with Supreme Court Rules 401(b) and 402.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.