The People of the State of Illinois, Plaintiff-Appellee, *v.* Johnny Ray Nunn, Defendant-Appellant.

(No. 73-391;

Second District (1st Division)—June 26, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, Edward N. Morris, and Robert L. Berkover, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

After waiving indictment by a grand jury and trial by jury, the defendant entered a plea of guilty to the information filed by the State, charging the defendant with attempt armed robbery. Pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), a hearing on the guilty plea was conducted, and the court accepted the defendant's plea. Subsequently, the defendant was sentenced to serve a term of 1 to 5 years' imprisonment.

On appeal, the defendant contends (1) that the information upon which he was prosecuted is defective in failing to state the specific act which constituted the crime of attempt; (2) that the defendant's waiver of indictment is defective in that the court failed to adequately inform the defendant of the nature of the charge and of the minimum and maximum sentence prescribed by law, in accordance with Supreme Court Rule 401(b); (3) that at the hearing on his guilty plea pursuant to Supreme Court Rule 402, the court failed to adequately inform the defendant of the nature of the charge and advised the defendant of an incorrect minimum and maximum sentence; and (4) that the court erroneously ignored a Class 3 felony sentence.

Having carefully reviewed the record, we find no reversible error and affirm the judgment of the circuit court.

On February 7, 1973, the defendant, Johnny Ray Nunn, was arrested and charged with attempt armed robbery. In the signed statement, given by the defendant to police officers at the time of his arrest, the defendant stated that earlier that evening, while drinking and playing pool, he decided to rob a filling station. According to the defendant's signed statement, he proceeded to a filling station, walked into the station, and was offered a cup of coffee by the attendant. When the station attendant finished pouring the cup of coffee, the defendant produced a pistol, an-

nouncing, "This is a hold up." The station attendant grabbed the defendant's wrist attempting to dislodge the gun from the defendant's grip. During the ensuing struggle, the weapon was fired, without wounding anyone. The attendant gained control of the gun and detained the defendant until police arrived at the scene.

On March 2, 1973, the defendant and counsel appeared in court for the stated purpose of waiving indictment by the grand jury. In informing the defendant of the nature of the charge, the court used the language of the information filed by the State's attorney. The court informed the defendant of the nature and function of the grand jury and of his right to insist that the State seek a grand jury indictment. After addressing the defendant, the court inquired of counsel if he had omitted any admonitions. The State's attorney and the defense counsel agreed that the court had properly admonished the defendant. The court further inquired of the defendant if he was waiving indictment voluntarily after having discussed the matter with his attorney. The defendant responded that this was correct. At no time during this proceeding was the defendant informed by either the court, the State's attorney, or the defense counsel of the minimum and maximum sentence prescribed by law for the offense of attempt armed robbery.

Immediately following the court's acceptance of the defendant's waiver of indictment, defense counsel petitioned the court for a reduction in bond. After presenting the defendant's domestic situation in great detail, defense counsel expressed the defendant's hope that if bond was reduced and he was released awaiting trial, he could solve his marital problems, "* * * even if he winds up going to the penitentiary on this charge. We discussed the fact that he may well wind up with that result and although not hoping for it, he is aware that might be a possibility, and in talking with him he seems ready to accept responsibility that * * * he may have to do that * * *." Thus, it appears that the defendant had at some previous time been informed by defense counsel that the offense of attempt armed robbery was punishable by imprisonment.

On May 7, 1973, the defendant withdrew his previously entered plea of not guilty and plead guilty to the offense charged in the information. Pursuant to Supreme Court Rule 402, the court informed the defendant of the nature of the charge in the language of the information, and informed the defendant that he could be imprisoned from 1 to 10 years. The court further advised the defendant of his right to a trial and of the consequences of waiving his right to a trial by pleading guilty. Thereafter, the factual basis for the plea was read into the record without objection. Having determined that the defendant understood all of his

rights and that the plea was voluntary, the court accepted the defendant's guilty plea. The record indicates that the defendant's guilty plea was not entered pursuant to a plea agreement.

The defendant's first contention is that the information upon which he was prosecuted was defective in failing to specify the substantial step which gave rise to the attempt offense. The defendant asserts that the information is defective since an essential element of the offense, the substantial step, is allegedly not set forth in the information. The information filed by the State's attorney against the defendant states:

> "That on the 7th day of February, 1973, in the County of Winnebago and State of Illinois, Johnny Ray Nunn committed the offense of Attempt, in that he with intent to commit the offense of armed robbery and while armed with a dangerous weapon, to-wit a pistol, attempted to take property from the person or presence of Ronda Jean Varble, by use of force; or by threatening the imminent use of force, in violation of Paragraph 8—4, Chapter 38, Illinois Revised Statutes."

■■ Section 111—3 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—3) requires that the formal charge, whether indictment or information, allege the nature and elements of the offense charged. In accordance with this provision, the courts have held that an indictment or information for the offense of attempt must allege the intent to commit a specific offense and an overt act constituting a substantial step toward commission of that specific offense. (*People v. Woodward* (1973), 55 Ill.2d 134, 138, 302 N.E.2d 62.) In the case at bar, it was alleged in the information that the defendant, "while armed with a dangerous weapon, to-wit a pistol, attempted to take property from the person or presence of Ronda Jean Varble, by use of force, or by threatening the imminent use of force * * *." This language in the information sufficiently alleges an overt act which constitutes a substantial step toward the commission of an armed robbery. It was not necessary to state that the defendant pointed a pistol at the victim and stated that this was a holdup. This degree of particularity is not required in the formal charge. Rather, this degree of specificity may be obtained through a bill of particulars under section 111—6 of the Code (Ill. Rev. Stat. 1971, ch. 38, par. 111—6).

■■ The purpose of the formal charge, whether indictment or information, is to inform the accused of the nature of the charge in order that he may prepare a defense, and to serve as a bar to a future prosecution for the same offense. (*People v. Harvey* (1973), 53 Ill.2d 585, 588, 294 N.E.2d 269; *People v. Gregory* (1974), 59 Ill.2d 111, 113, 319 N.E.2d 483,

485, 486.) We conclude that the information in the case at bar adequately apprised the defendant of the crime charged, enabled him to prepare his defense, and protected him against any future prosecution for the same offense.

Next, the defendant contends that the court failed to adequately inform him of the nature of the charge at both the waiver of indictment hearing and the guilty plea hearing, in accordance with Supreme Court Rules 401(b) and 402 (Ill. Rev. Stat. 1971, ch. 110A, pars. 401(b), 402). At both the waiver of indictment hearing and the guilty plea hearing, the court informed the defendant of the nature of the charge by using the same language contained in the information. This argument of the defendant is based upon his first contention that the information upon which he was prosecuted was defective in failing to state the essential elements of the offense.

In determining whether the trial court has adequately informed a defendant of the nature of the charge, the entire record may be considered, and the remarks and advice of the court must be read in a practical and realistic manner. *People v. Krantz* (1974), 58 Ill.2d 187, 192, 193, 317 N.E.2d 559.

Moreover, this court has held that when informing the defendant of the nature of the charge pursuant to Supreme Court Rules 401(b) and 402, the court is not required to explain each element of the offense. Rather, we have held that "the record as a whole should disclose that the defendant has been advised of the 'essence, general character, kind or sort' of the offense to the extent that the particular defendant before the court deciding on the options available to him has a common understanding of the nature of the charge." *People v. Diaz* (1973), 15 Ill. App.3d 280, 283, 304 N.E.2d 103, 106; *People v. Jenkins* (1975), 27 Ill. App.3d 756, 327 N.E.2d 294.

In the case at bar, the language of the information filed by the State, which was read by the court to the defendant at both hearings, certainly was sufficient to advise the defendant of the essence or general character of the offense charged. Moreover, the defendant's statement to the police at the time of his arrest set forth the details of the crime. We are of the opinion that the defendant well understood the nature of the offense charged at both the waiver of indictment hearing and guilty plea hearing.

The defendant next contends that the waiver of indictment proceeding did not comply with Supreme Court Rule 401(b)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 401(b)(2)), in that the court failed to advise the defendant of the minimum and maximum sentence prescribed by law and that this not only constitutes error but requires reversal. The State con-

cedes that the record does not reveal a specific admonition on this matter but contends that this omission does not constitute a reversible error, viewing the entire record in a practical and realistic manner.

The admonition concerning the minimum and maximum sentence should have been given in accordance with Supreme Court Rule 401(b)(2). However, having reviewed the entire record in a practical and realistic manner, we cannot say that its omission constitutes reversible error. Rather, the record demonstrates that the defendant knowingly and voluntarily waived his right to grand jury indictment.

The record in the case at bar indicates that the defendant was present in open court, was represented by competent counsel, and was advised by the court of his right to indictment and of the nature of the charge as stated in the information filed against him. Moreover, the defendant testified that he had discussed this matter with counsel and that he desired to waive the grand jury proceeding. It is apparent from the record that the defendant had, in fact, discussed the possibility of imprisonment with counsel. During the same in-court proceeding, defense counsel, in arguing for bond reduction, stated that the defendant was aware that he could be sentenced to a prison term. A practical and realistic reading of the entire record of that hearing demonstrates that the defendant knowingly and understandingly waived indictment by the grand jury. See *People v. Loy* (1972), 52 Ill.2d 126, 284 N.E.2d 634; *People v. Krantz* (1974), 58 Ill.2d 187, 317 N.E.2d 559.

■■ In addition, we note that the defendant entered a plea of guilty to the information. In *People v. Loy* (1972), 52 Ill.2d 126, 130, 284 N.E.2d 634, where the defendant contended that his waiver of indictment was defective, the court reiterated the well-established rule that "Constitutional rights, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors and irregularities which are not jurisdictional." While the supreme court has subsequently ruled that a plea of guilty does not waive the sufficiency of the indictment (*People v. Gregory* (1974), 59 Ill.2d 111, 319 N.E.2d 483), this court has previously held that a plea of guilty waives procedural defects in the waiver of indictment. (*People v. Bassett* (1975), 25 Ill.App.3d 927, 323 N.E.2d 607, 610.) Thus, regardless of the defect under Supreme Court Rule 401 at the waiver of indictment hearing, the defendant's subsequent voluntary plea of guilty to the offense charged in the information waived any irregularities in the waiver of indictment.

Moreover, there is no claim that the defendant was harmed or prejudiced by the failure of the court to give this admonition. Even now the defendant does not assert that he was unaware of the possible penalty

for attempt armed robbery, or that he would not have waived indictment if the court had admonished him on this point. No real injustice is claimed by the defendant. The Illinois Supreme Court has recently stated in *People v. Dudley* (1974), 58 Ill.2d 57, 61, 316 N.E.2d 773, " 'It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied * * *.' " In the case at bar, while the failure of the court to admonish the defendant of the minimum and maximum sentence at the waiver of indictment hearing constitutes error, we find no reversible error. This court, in *People v. Allen* (1975), 25 Ill.App.3d 800, 323 N.E.2d 57, 59-60, held that the fact that the defendant was advised of the minimum and maximum sentences after waiving the grand jury instead of before was "inconsequential." Although the Third District formerly held to the contrary (*People v. Schyska* (1973), 14 Ill.App.3d 557, 302 N.E.2d 666; *People v. Casley* (1974), 20 Ill.App.3d 1001, 313 N.E.2d 447), it has recently disavowed these cases and held that "[t]he mere omission to make such an admonition is not automatically a basis for reversal" (*People v. Roberts* (1975), 27 Ill.App.3d 489, 494, 326 N.E.2d 116).

■■ Next, the defendant asserts that at the guilty plea hearing on May 7, 1973, the court advised the defendant of an incorrect minimum and maximum sentence for the offense of attempt armed robbery. At that hearing, the court advised the defendant that the possible penalty was 1 to 10 years' imprisonment. It is contended that in so advising the defendant, the court mistakenly classified attempt armed robbery as a Class 3 felony. In addition, the defendant asserts that the court erred in imposing a sentence for a Class 3 felony. Rather, the defendant urges that attempt armed robbery was a Class 4 felony.

The ambiguity of the former attempt statute (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 8—4(c)), has been resolved by the supreme court in *People v. Scott* (1974), 57 Ill.2d 353, 312 N.E.2d 596. In construing the statute to cure the ambiguity and to give effect to the intent of the legislature, the court, in *Scott*, ruled that attempt to commit a forcible felony other than those specifically enumerated in the statute, was a Class 3 felony. The court stated, "This construction was implicitly recognized in *People ex rel. Weaver v. Longo*, 57 Ill.2d 67, 69, wherein the offense of attempted armed robbery was treated as a Class 3 felony for sentencing purposes." (57 Ill.2d 353, 358.) Hence, attempt armed robbery was a Class 3 felony under the statute.

We note, as the court did in *Scott*, that the statute has been amended (Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)), and that the statute as amended demonstrates legislative recognition of the seriousness of the

offense. Under the amended statute, the sentence for attempt to commit armd robbery shall not exceed the sentence for a Class 2 felony. Ill. Rev. Stat. 1973, ch. 38, par. 8—4(c)(2).

In view of the supreme court's opinion in *Scott*, we conclude that the trial court advised the defendant of the correct minimum and maximum sentence for attempt armed robbery and imposed a sentence within the limits prescribed by law. We therefore affirm the judgment.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.