THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KARL VON KOEPPEN, Defendant-Appellant.

(No. 74-66;

Second District (2nd Division)—December 9, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was prosecuted for the offense of burglary and in November of 1972, waived his right to indictment, pled guilty, and was admitted to probation for three years. In September, 1973, the trial court revoked defendant's probation and sentenced him to a term of one to three years. The sentence, in each instance, was the result of a negotiated plea.

Defendant appeals claiming (1) that the trial court was without jurisdiction to revoke his probation and sentence him for the burglary offense because his waiver of indictment in the original proceeding was invalid, and (2) that the trial court committed reversible error in sentencing defendant for a term of imprisonment without there having been a presentence report and a sentencing hearing. Pending appeal, the defendant, through counsel, has moved to waive consideration of the second issue on the grounds that he has been released from prison and no longer wishes to contest the validity of his sentence hearing. The State has not filed an objection. We therefore deem the issue waived.

At the arraignment on the burglary charge, defendant was asked whether he understood that he had a right to be indicted for the charge of burglary, and asked if he waived that right and agreed to be charged by information. Defendant responded, "Yes." His counsel volunteered that defendant had signed a waiver of indictment form. The waiver was accepted and the trial court arraigned defendant by information. The factual basis for the burglary charge was laid and the defendant was questioned extensively as to whether he understood the charge. Prior to accepting the guilty plea, the court admonished defendant of his rights under Supreme Court Rule 402, with the exception that it did not inform defendant of the minimum and maximum sentence which could be imposed. Thereafter, the court accepted defendant's guilty plea and, pursuant to the plea bargain negotiated between the State's Attorney and defendant's counsel, granted defendant leave to make application for probation.

Defendant alleges that because the trial court did not comply with the provisions of Supreme Court Rule 401(b), defendant's waiver of indictment was invalid and that the trial court was, in the subsequent proceeding, without jurisdiction to enter the order which revoked de-

fendant's probation and sentenced him on the burglary conviction.

Rule 401(b) requires the following procedure for waiver of indictment.

"(b) * * * Any waiver of indictment shall be in open court. The court shall not permit a waiver of indictment by a person accused of a crime punishable by imprisonment in the penitentiary unless he is represented by counsel or has waived counsel as provided in paragraph (a) of this rule and unless the court, by addressing the defendant personally in open court, has informed him of and determined that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he can be prosecuted for the offense only after indictment by a grand jury unless he waives indictment.

Prosecution may proceed by information or complaint after waiver of indictment by the defendant if the State expressly concurs in the waiver in open court." Ill. Rev. Stat. 1971, ch. 110A, § 401(b).

■■ Defendant was informed of his right to be indicted for the offense of burglary; he waived this right and thereby consented to prosecution by information. (*People v. Strawder*, 25 Ill.App.3d 961, 963-64 (1975).) Defendant does not argue that he was ignorant of his right to be indicted by a grand jury or that he was harmed or otherwise prejudiced by the court's failure to use the words "grand jury." Under such circumstances, we find no reversible error on the issue pertinent to Supreme Court Rule 401(b)(3). *People v. Bassett*, 25 Ill.App.3d 927, 931 (1975).

■■ The fact that the court did not detail the specifics of burglary prior to waiver of indictment was not error. Simply stating the charge by name is sufficient. (*People v. Reeves*, 25 Ill.App.3d 674, 676 (1975).) From the colloquy which preceeded the court's acceptance of defendant's guilty plea, it is clear that defendant was fully aware of the nature and elements of the offense. Moreover, the State's Attorney disclosed the factual basis for the burglary charge after defendant's waiver of indictment. Finally, defendant's counsel volunteered that defendant had signed a waiver of indictment. While this form alone may, under certain circumstance, be considered insufficient waiver, when considered with other factors, it lends additional support for our view that defendant understood the nature of the charge prior to waiving indictment. *People v. Jenkins*, 27 Ill.App.3d 756, 759-60 (1975).

■■ Regarding the trial court's failure to inform the defendant of

880

the maximum and minimum sentence, we note that the waiver of indictment and the guilty plea occurred at one hearing, and that defendant's leave to apply for probation was granted pursuant to a negotiated plea bargain. There is no claim that the waiver was involuntary, or that any harm or prejudice occurred, or that the defendant was in fact unaware of maximum and minimum sentences. Under such circumstances, we deem the error harmless. *People v. Roberts*, 27 Ill.App.3d 489, 493-94 (1975).

Judgment affirmed.

GUILD and DIXON, JJ., concur.