(No. 40857.—▮▮▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HENRY WEST, Appellant.

*Opinion filed May 28, 1969.—Rehearing denied November 25, 1969.*

220

WARD, J., took no part.

LOUIS J. BARNES, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, JAMES R. KAVANAUGH, and TRUMAN LARREY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

A Cook County circuit court jury found petitioner, Henry West, guilty of attempted robbery and burglary. He was sentenced to the penitentiary for terms of 2 to 5 years for attempted robbery and 10 to 25 years for the

burglary. These convictions were affirmed by the appellate court. (*People* v. *West*, 80 Ill. App. 2d 59.) His post-conviction petition (Ill. Rev. Stat. 1965, ch. 38, par. 122—1 *et seq.*) was subsequently dismissed by the trial court on the People's motion. This appeal concerns the propriety of that dismissal. The petition alleged: (1) the defendant requested and was denied an opportunity to consult with an attorney during in-custody interrogation, (2) he was denied fifth amendment rights in that he was never warned of his right to remain silent, (3) his in-custody interrogation was violative of due process because he was never allowed to drink or eat, (4) the trial judge was partial, and (5) he was denied the right to an impartial jury because none of the jurors were his "own peer".

The issue before us is whether the allegations of the petition were sufficient to entitle petitioner to an evidentiary hearing. Since the written confession signed by petitioner was denied admission into evidence, (apparently because the court overlooked the fact that an officer claimed by petitioner to have been present at the interrogation but not at the trial had actually testified earlier in the trial) allegations (1), (2) and (3) are relevant only because during the questioning petitioner told the officers where he had hidden the gun which was later introduced in evidence. Petitioner argues that whether the police continued his in-custodial interrogation over an unreasonable length of time without allowing him to eat or drink would not appear of record and that evidence as to this should have been heard in the post-conviction proceedings; that it was therefore error for the post-conviction court to view as *res judicata* the decision of the appellate court which considered only the record before it. We disagree. It does not appear from the appellate court opinion that the issue of coercion was there raised. The record of petitioner's original trial, however, was before the post-conviction judge. It reveals a pretrial motion to suppress a confession given by petitioner some 3 to 4 hours

after his arrest. That record further indicates that at the hearing on this motion petitioner testified he requested an attorney prior to signing the statement; this was denied by the State's witnesses. Petitioner there also testified that during the 3-hour interval between the time of his arrest and the time he gave a written confession he was given no food; the arresting officer, however, testified that petitioner orally admitted the offense immediately following his arrest. Petitioner further stated that at the time he signed the confession he was "in fear"—"in fear that he was being blamed for something he didn't do". There was no testimony whatsoever as to any mistreatment other than the absence of food during this 3 or 4-hour period, if this can be considered "mistreatment". The testimony at the hearing on the motion to suppress covers over 73 pages of the record, and at its conclusion the trial court specifically found that the petitioner had not requested counsel nor had he been coerced, mistreated, beaten, induced or tricked into making his confession.

It is clear from the original trial record that the propriety of the in-custody interrogation and its effect were considered at trial, and that these were viable issues for review. They were not raised in the appeal and were therefore waived. *People* v. *Hill,* 39 Ill.2d 61, 63-64, quoting *People* v. *Ashley,* 34 Ill.2d 402, 408.

The allegation relating to the partiality of the trial judge is simply a restatement of petitioner's appellate court contention regarding his motions for substitution of judges. That issue was raised on appeal and the appellate court found that defendant had failed to comply with the statutory requirements for such motions. (*People* v. *West,* 80 Ill. App. 2d 59, 62-63.) A post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of *res judicata* bars additional litigation on this point. *People* v. *Kamsler,* 39 Ill.2d 73, 74.

The final claim in the petition is that defendant was denied his right to trial by an impartial jury because none of the jury was his own "peer". The petition does not explain this bare assertion, and we have repeatedly held, "Such nonfactual and nonspecific assertions which merely amount to conclusions are not sufficient to require a post-conviction hearing." (*People* v. *Smith*, 40 Ill.2d 562, 564, and cases cited therein.) Moreover, whatever violation of constitutional right this allegation might indicate was not questioned on appeal and is waived. *Hill; Ashley.*

In the absence of a substantial showing of any constitutional violations, the trial court's dismissal of the post-conviction petition without an evidentiary hearing was entirely proper.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.