(No. 41364.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. GERALD L. LOY, Appellant.

*Opinion filed May 22, 1972.*

JAMES LEONARD O'BRIEN, of Springfield, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (FRED G. LEACH, Assistant Attorney General, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

In October of 1967, the defendant, Gerald L. Loy, entered a plea of guilty, in the circuit court of Johnson County, to a two-count information charging him with escape from the Vienna Branch of the Illinois State Penitentiary, in violation of the Illinois State Penitentiary Act (Ill.Rev.Stat. 1967, ch. 108, par. 121 *et seq.*), and with theft of property having a value of more than $150, in violation of section 16—1 of the Criminal Code of 1961 (Ill.Rev.Stat. 1967, ch. 38, par. 16—1). He was sentenced under each charge. On January 26, 1968, he filed a *pro se* petition under the Post-Conviction Hearing Act (Ill.Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), wherein the prayer

for relief included a request for the appointment of counsel. The petition was dismissed upon motion, and he has appealed to this court.

He contends here that the trial court erred in not appointing counsel for him in the post-conviction proceeding. The petition alleged that he was without means to procure counsel and that he wished counsel to be appointed. We recognize that under the allegations of the defendant's petition, it would have been error for the trial court to fail to appoint counsel for him. *(People v. Neber (1968), 41 Ill.2d 126, 128; People v. Hunt (1968), 39 Ill.2d 107, 108;* Ill.Rev.Stat. 1967, ch. 38, par. 122–4.) However, he does not represent that the trial court failed to appoint counsel for him. Rather, he stated that "The record on appeal contains no order appointing counsel."

He relies upon *People v. Hayes (1967), 38 Ill.2d 329,* wherein we held that the record did not sufficiently indicate the appointment of counsel and, therefore, we reversed and remanded. However, in *Hayes,* we noted not only the absence of an order appointing counsel, but also the absence of anything in the record to indicate what may have been done by any counsel appointed for the defendant. The only indication that anyone had been appointed was the recitation in the final order: "And the court hearing counsel for said Petitioner, Larry Charbert Hayes, in support of said Petition ***." We held there that something more was required to expressly show what disposition had been made of the petitioner's motion for the appointment of counsel.

While the record in the case at bar does not contain, as it should, an order on the defendant's request for the appointment of counsel, it is otherwise clear that such appointment was made. The *pro se* petition was filed on January 26, 1968, and the motion to dismiss, filed on behalf of the State, certifies that a copy of the motion was mailed to "Lewis Wingate, Attorney for defendant, on February 7, 1968." The order granting the motion to

dismiss, dated February 29, 1968, recites that the defendant appeared "by his attorney J. Lewis Wingate ***." We believe that this record makes a substantially stronger showing than the record in *Hayes*, and that the specific reference to the defendant's named attorney in both the motion notice and the order is adequate proof of record that the trial court did grant the defendant's motion for the appointment of counsel.

Additionally, the order dismissing the post-conviction petition was entered on February 29, 1968. Our Rule 651(c) (Ill.Rev.Stat. 1969, ch. 110A, par, 651(c)) was amended December 14, 1968, effective January 1, 1969, with respect to the responsibilities of an attorney representing an indigent. Its effective date was subsequent to that of the order herein, and the defendant cannot benefit therefrom.

The defendant contends that he should be entitled to relief in that, even though he waived an indictment by the grand jury, his waiver was not sufficient to permit an information consisting of "two counts" to be filed against him. He refers to language in the waiver referring to the "charge," "offense," and "the above-entitled cause," all of which are singular terms.

The record indicates that the defendant was present in open court, was represented by counsel, was advised in detail by the trial court of the contents of the information, consisting of two counts, which was filed against him; that he previously had been given a copy of the information; and that thereafter he testified that he had discussed the matter with his counsel and he desired to waive the grand jury proceeding. The record further reflects that he persisted in his waiver of the right to have the matter of the two charges presented to the grand jury, and thereupon, in open court and in the presence of his counsel, signed the written waiver of indictment by a grand jury and consented to prosecution by information.

It is apparent from the record that he knowingly and

understandingly waived indictment by a grand jury on the charges contained in the two-count information, which had been presented to him prior to the signing of the waiver, and which the court fully reviewed for him. We find his contention in this respect without merit. *(People v. Page (1967), 38 Ill.2d 611, 613-614; People v. Harden (1967), 38 Ill.2d 559, 562;* Ill.Rev.Stat. 1967, ch. 110A, par. 401(a).) We note also that the defendant entered a plea of guilty to the two counts of the information. Constitutional rights, like any other right of an accused, may be waived, and a voluntary plea of guilty waives all errors or irregularities which are not jurisdictional. In order to require a hearing, a post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. The allegations in the case at bar fall short of such showing. *People v. Brown (1969), 41 Ill.2d 503, 505.*

The order of the trial court dismissing the petition of the defendant is affirmed.

*Judgment affirmed.*