THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* JACK EUGENE LAMPSON, Petitioner-Appellant.

(No. 74-36;

Third District—November 12, 1974.

*Rehearing denied January 14, 1975.*

Michael Warner, of Braud, Warner & Neppl, of Rock Island, for appellant.

David DeDoncker, State's Attorney, of Rock Island (F. Stewart Merdian, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On July 7, 1969, Petitioner, Jack Eugene Lampson, was charged with burglary in the circuit court of Rock Island County and was found guilty of such offense by the jury. On his appeal to this court his conviction was reversed and he was granted a new trial. (*People v. Lampson*, 129 Ill.App.2d 72, 262 N.E.2d 601.) After his retrial petitioner was again found guilty of burglary by the jury and upon appeal to this court his conviction and sentence were affirmed in *People v. Lampson*, 6 Ill.App.3d 1099, 286 N.E.2d 358 (petition for leave to appeal denied). The petitioner then filed a petition seeking post-conviction relief. After a hearing the petition was dismissed and it is from the judgment dismissing the petition that this appeal follows.

On July 13, 1973, an amended petition for post-conviction relief was filed by the petitioner. Counsel was appointed to represent petitioner other than his former trial counsel. Even though no responsive pleading was filed by the People in opposition to the petition, a trial court apparently believed a hearing was appropriate, and one was held. At the hearing petitioner and his former trial counsel testified. They were not cross-examined, and no opposing evidence was presented by the People. After the hearing had concluded the trial court dismissed the petition for the reason that the petitioner was foreclosed from presenting such issues under the doctrine of res judicata as evidenced by the affirmance of petitioner's conviction by the appellate court. At this juncture we should note that the failure of the People to file any responsive pleading leaves some doubt concerning the posture of the case from the People's point of view, and this procedure is not recommended.

The general theory of the amended petition and the supporting testimony is that petitioner was deprived of his constitutional rights of confrontation or presence at all stages of his trial because of two incidents which occurred. The first relates to a newspaper article which appeared in Rock Island on the evening before the second day of trial, which article referred to petitioner's prior conviction and the reversal of such conviction by the appellate court. On the second morning of the trial petitioner's counsel together with an assistant state's attorney proceeded

580

to the chambers of the trial judge during which a discussion took place regarding the article in the newspaper and what procedure could or should be employed. It also appears from the attorney's testimony given at the post-conviction hearing that an oral motion for a mistrial might have been made during the discussion and denied by the trial judge. In any event, the petitioner was not present during the discussion although after it was concluded he was informed about it in the hallway before the trial recommenced, and when the trial did commence on the second morning, the individual jurors were questioned about the newspaper article and a subsequent motion for mistrial was denied. In this connection it should be noted that the alleged error regarding the article, its possible prejudicial effect on the jurors and the results of the voir dire were all considered by this court on petitioner's former appeal. No assignment of error was made on the prior appeal concerning the discussions which took place in the chambers outside the presence of the petitioner. The second incident generally referred to in the petition and in the testimony of the petitioner and his trial counsel relates to discussions which took place between the trial counsel, assistant state's attorney and the trial judge regarding plea bargaining and possible provisions of such a bargain if petitioner pleaded guilty. These discussions likewise took place outside the presence of the petitioner, although, according to petitioner, he was aware that such negotiations were going on and he was advised of their progress. No agreement was ever reached, and petitioner's guilt was ultimately determined by the jury.

On this appeal the petitioner urges that the doctrine of res judicata does not bar consideration of the issues raised on his post-conviction petition; but, on the contrary, such doctrine requires that such issues be considered. Also petitioner argues that his absence from the discussions which took place was violative of his constitutional rights to be present at all stages of his trial and to confront the witnesses against him.

■■ It is well settled that where a person convicted of a crime has taken an appeal from the judgment of conviction on a complete record, the judgment of the reviewing court is res judicata as to all issues actually decided by the court, and all issues which could have been presented to the reviewing court, if not presented, are waived. (*People v. Armes,* 37 Ill.2d 457, 227 N.E.2d 745.) So far as the application of the foregoing rule to the instant case is concerned, it appears the two issues raised by petitioner were not considered and decided in petitioner's previous appeal. The question remains whether the failure to present such issues in the previous appeal constitutes a waiver thereof.

Petitioner urges that because the discussions of which he complains took place outside his presence and were not a part of the record, the errors concerning such discussions could not have been considered in his prior appeal, and therefore the doctrine of waiver is not applicable. We do not agree.

■■■ In considering waiver it is necessary to note that it may be relevant in two different aspects. First, a party may have waived his right to have an alleged error considered on appeal because of his failure to either urge the error in the trial court or adequately preserve the basis for the alleged error. Secondly, where the error is urged in the trial court and an appropriate basis exists for its consideration on appeal, nevertheless, if the issue is not raised on appeal, consideration of the alleged error is precluded in any collateral attack on the conviction.

■■ In the instant case the testimony of the witnesses is unequivocal in indicating that both the petitioner and his trial counsel were completely aware of what was transpiring and had complete knowledge of the incidents to which they testified at the time they occurred. Nevertheless, no claim was made that the procedure was erroneous or that it in any way interfered with a fair trial for petitioner. Thus, initially, we have a procedure, in which both petitioner and his trial counsel participated without objection or reservation, which is now claimed improper. Even if the events had been included in the record the petitioner and his trial counsel, by failing to object during trial, neglected to take that action which would have permitted the objections to be considered on appeal.

In *People v. Smith*, 42 Ill.2d 479, 248 N.E.2d 68, the court observed, "The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant. (*People v. Nastasio*, 30 Ill.2d 51, 195 N.E.2d 144; *People v. Walden*, 21 Ill.2d 164, 171 N.E.2d 650; *People v. Clark*, 9 Ill.2d 46, 137 N.E.2d 54.) The defendant's attorney made no request that the arguments be taken down. Nor was the defendant prejudiced by the failure to report the argument in this case, since the common law and the rules of this court make adequate provision for the reconstruction of the proceedings at trial. See Ill. Rev. Stat. 1967, chap. 110A, pars. 323(c), 612(c)." Not only is a defendant required to make timely objection to what he may consider an erroneous procedure, it is also his duty to make such record as will enable the issue to be considered on appeal. The failure of defense counsel to provide an adequate record upon which the alleged errors could be based is an additional reason for concluding that the prior appeal is dispositive of the issues now raised.

■■ In *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25, the court, in discussing the situation where a defendant's appellate counsel failed to

raise an issue on appeal, concluded that such failure was one appropriately considered in relation to a charge that such appellate counsel was incompetent. We think the same rule is applicable where trial counsel fails to interpose a timely objection, or when neither trial counsel nor appellate counsel preserve or secure a sufficient record which would enable the matter to be considered on direct review. As applied to the instant case no claim is made by petitioner that either his former trial counsel or appellate counsel were incompetent, and even if such claim were made, we do not believe it could be sustained. Consequently, we believe the petitioner waived consideration of the issues not complained of in his former appeal, and they cannot now be urged in a post-conviction proceeding.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.