THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES F. EASTIN, Defendant-Appellant.

Fifth District No. 74-417

Opinion filed February 17, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's
Office, of Mt. Vernon, for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville (Bruce D. Irish, of Illi-
nois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the
court:

Defendant-appellant, Charles F. Eastin, was convicted of indecent
liberties with a child after a jury trial in Clay County and was sentenced
to serve from 15 to 20 years. On direct appeal, defendant alleged that
he was not proven guilty beyond a reasonable doubt, that the court
erred in denying his motion to suppress illegally seized evidence, and
that the court erred in refusing to allow defendant to reopen his case
to present further evidence. This court affirmed the conviction with one
dissent. (*People v. Eastin,* 8 Ill. App. 3d 512, 289 N.E.2d 673 (1972).)
In August, 1974, defendant filed a petition for post-conviction relief
pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch.
38, par. 122—1 *et seq.*), alleging that he was denied a fair trial by an
impermissibly suggestive prearraignment lineup. The State filed a mo-
tion to dismiss the petition alleging, *inter alia,* that any alleged error
was waived by defendant's failure to raise the issue at trial or on direct

appeal. The court granted the motion to dismiss, holding that the alleged error was barred by the doctrine of *res judicata* since it could have been raised on direct appeal. On this appeal, defendant alleges that the propriety of the lineup procedure was not reviewable on direct appeal and that the doctrine of *res judicata* is therefore not applicable.

Defendant concedes on appeal that counsel at trial had notice of the lineup but raised no issue of its propriety either at or before trial. Counsel, did, however, raise the issue in the post-trial motion. Argument apparently was heard on the motion, though the arguments are not contained in the record, and the motion was denied without any evidence having been presented in support thereof.

As noted above, defense counsel had knowledge prior to trial that "some sort" of lineup had occurred and was provided the names and addresses of the people involved.

No evidence appears of record whether anyone viewed the lineup or who, if anyone, identified defendant. The State made no mention of prior identification and relied solely on the in court identification of defendant by the victim, an identification which this court dwelled upon in our opinion on direct appeal as evidence of her competence to testify. Defendant's failure to file a motion to suppress the identification testimony or to attempt to impeach identification testimony on the basis of a prior lineup indicates the slight importance placed upon it by the defendant and the State. In any event, defendant had ample opportunity to challenge the lineup on constitutional grounds at trial. The failure to raise the alleged error at trial constituted a waiver of the issue both for purposes of direct appeal or post-conviction proceedings. *People v. Somerville*, 42 Ill.2d 1, 245 N.E.2d 461 (1969); *People v. Lampson*, 24 Ill. App. 3d 578, 321 N.E.2d 516 (1974); *People v. Hampton*, 18 Ill. App. 3d 186, 309 N.E.2d 778 (1974).

Defendant implies, however, that the failure of his counsel to raise the issue at trial denied him the effective assistance of counsel. On direct appeal, however, this court, after reviewing the entire record, specifically complimented appointed counsel, both at trial and on appeal, for thoroughness and competence in preparation and presentation of the defense. We also have reviewed the record and conclude that defendant was adequately represented.

The judgment of the Circuit Court of Clay County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.