THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
BILLY ROSE SPRINKLE, Defendant-Appellant.

Third District   No. 75-385

Opinion filed June 29, 1976.

Robert Will, Jr., of Waukegan, for appellant.

Martin Rudman, State's Attorney, of Joliet (Thomas Cowgill, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Billy Rose Sprinkle appeals from a denial by the Circuit Court of Will County of a post-conviction petition. The denial of the petition was made without a hearing.

Sprinkle and his codefendant, James Perruquet, originally pleaded guilty to charges of murder and deviate sexual assault arising out of an incident in which the victim was a 14-year-old boy who was attacked by both defendants at a time when Sprinkle and Perruquet were also 14, after school. Both defendants were sentenced to concurrent penitentiary terms of 75 to 90 years for murder and 13 to 14 years for sexual assault. They appealed their sentences and their treatment as adults, rather than juveniles, but the convictions were affirmed in full by this court and the Illinois Supreme Court. *People v. Sprinkle* (3d Dist. 1972), 4 Ill. App. 3d 6, 280 N.E.2d 29, *aff'd,* 56 Ill. 2d 257, 307 N.E.2d 161 (1973); *People v. Perruquet* (3d Dist. 1972), 4 Ill. App. 3d 4, 280 N.E.2d 29, *aff'd sub nom People v. Sprinkle* (1973), 56 Ill. 2d 257.

Defendant Sprinkle filed a petition thereafter under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*), alleging that he had been deprived of his constitutional right to effective assistance of counsel, in that a conflict of interest existed.

From the record it is shown that the public defender at that time, Thomas Vinson, and an assistant, Samuel Andreano, were appointed to represent both Sprinkle and Perruquet shortly after September 1968, the time of the killing. The facts of the occurrence are sufficiently set forth in our opinion at 4 Ill. App. 3d 6, and we shall not repeat them in detail here.

Thereafter, counsel filed motions for severance on behalf of each defendant and alleged that each had made a confession which would be prejudicially damaging to the other. These motions were withdrawn, when defendants determined to plead guilty, following negotiations with the State. On January 6, 1969, after a plea hearing, the trial court accepted defendants' guilty pleas and imposed the sentences recommended by the State.

The transcript of Perruquet's confession is in the record, but that of Sprinkle is not. Perruquet described how both defendants beat and kicked the victim with their hands and fists, committed acts of deviate sexual assault, and finally bludgeoned the victim with a metal pipe and a concrete block.

The testimony of the investigator for the sheriff, Dennis Jaskoviak, at a hearing on motions to suppress the confessions, was that defendant Sprinkle admitted striking the victim with his hands and feet. A statement filed in the record on February 10, 1969, by the State's Attorney, over a month after judgments and sentences were entered, stated that Sprinkle in his confession denied committing any deviate sexual assaults on the

victim or hitting him with any foreign objects. This discrepancy as to the extent of Sprinkle's participation in the brutal crime, was not brought before the trial court. The statement referred to was filed after the convictions. The State's Attorney's oral statement at the January 6, 1969, hearing did not attempt to indicate in detail which defendant did what act to the victim, and the court did not specifically inquire into particular acts committed by each defendant.

Sprinkle now claims that a conflict of interest arose from the same counsel representing both Perruquet and Sprinkle, in view of the apparently different stories as to what Sprinkle did at the scene of the crime. Sprinkle argues that he was denied effective representation by counsel because of this asserted conflict.

■■ Since the leading case of *Glasser v. United States* (1941), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457, the courts have held that the right to counsel provided by the Sixth Amendment to the United States Constitution includes the right to effective assistance of counsel, so that a defendant is entitled to the undivided loyalty of his attorney. Thus where two or more codefendants have antagonistic defenses, they should have separate counsel. *People v. Johnson* (1970), 46 Ill. 2d 266, 265 N.E.2d 869; *People v. Ware* (1968), 39 Ill. 2d 66, 68, 233 N.E.2d 421.

It appears, however, from the statements of the two defendants in this case, that their positions were not completely antagonistic, since Perruquet admitted committing all the crimes charged and was not trying to transfer all the blame in any manner off on Sprinkle. Perruquet's statement, of course, was conflicting with that of Sprinkle as to the participation of Sprinkle and was adverse to Sprinkle in that respect, so that we will assume, for the sake of argument, that some antagonism existed between the codefendants.

■■ As pointed out by the State, the question before this court is not so much whether defendant Sprinkle was in fact denied effective assistance of counsel by reason of the purported conflict of interest, but whether he was entitled to a hearing on his petition to determine the truth of his allegation. To warrant a hearing, a post-conviction petition must make a substantial showing that the petitioner's constitutional rights have been violated. Unsupported allegations are insufficient to require a hearing. (*People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, *appeal after remand*, 48 Ill. 2d 300, 268 N.E.2d 700.) Petitions dismissed and found to be nonmeritorious under this standard are sustained, without the requirement of a hearing. *People v. Derengowski* (1970), 44 Ill. 2d 476, 478-479, 256 N.E.2d 455.

■■ Another well-accepted rule is that when a direct appeal is taken from a conviction, all claims raised or which might have been raised in such appeal, are rendered *res judicata* and cannot subsequently be relitigated in a post-conviction proceeding. (See *People v. Derengowski*

(1970), 44 Ill. 2d 476, 479, 256 N.E.2d 455; *People v. West* (1969), 43 Ill. 2d 219, 222, 252 N.E.2d 529; *People v. Lampson* (3d Dist. 1974), 24 Ill. App. 3d 578, 580, 321 N.E.2d 516.) This rule is subject to the limitation that claims not raised in the appeal, and thus waived, may be considered in the collateral attack, if fundamental fairness requires relaxation of the *res judicata* rule. (*People v. Derengowski* (1970), 44 Ill. 2d 476, 256 N.E.2d 455; *People v. Lampson* (3d Dist. 1974), 24 Ill. App. 3d 578, 321 N.E.2d 516.) It is apparent that if the trial court properly finds the claims in the petition barred under the rule announced, a hearing need not be held on the petition.

Sprinkle did not raise the effectiveness of counsel issue in his appeal. According to the State he waived it and the judgment of the reviewing courts has become *res judicata.*

In view of the record in this cause, however, we feel that a convincing argument which supports a dismissal of the petition, without an evidentiary hearing, is the general principle that a voluntary guilty plea waives all nonjurisdictional errors, including violations of constitutional rights. *People v. Loy* (1972), 52 Ill. 2d 126, 130, 284 N.E.2d 634; *People v. Brown* (1969), 41 Ill. 2d 503, 505-506, 244 N.E.2d 159; *People v. Gilmore* (3d Dist. 1975), 28 Ill. App. 3d 130, 132, 328 N.E.2d 53, *rev'd on other grounds*, 63 Ill. 2d 23 (1976); *People v. Wolfe* (1st Dist. 1975), 27 Ill. App. 3d 551, 553, 327 N.E.2d 416.

Defendant Sprinkle does not contend that his guilty plea was other than voluntary and intelligently made, other than the unsupported allegation to that effect in the petition. The record in fact shows that the trial court extensively and carefully admonished defendant of his rights and of all pertinent circumstances before accepting the guilty plea.

■■ Sprinkle pleaded guilty to the charges of murder and deviate sexual assault, and told the judge that he did so because he was truly guilty of those crimes. He pleaded guilty together with his codefendant, knowing that the State would recommend identical sentences for the two defendants. At no time did Sprinkle contend to the trial court that his supposed lesser participation in the crime was mitigating evidence to be considered in imposing a lower sentence as to him than that imposed as to his codefendant. On the basis of the record in this case, we conclude that defendant has by his guilty plea waived any claim of ineffective assistance of counsel, and we also conclude that considerations of fundamental fairness do not require us to overlook the waiver and order an evidentiary hearing in this cause.

For the reasons stated, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.