THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KIRK FERNANDEZ, Defendant-Appellant.

Fifth District   No. 77-384

Opinion filed November 9, 1978.

H. Carl Runge, of Runge & Gumbel, P. C., of Collinsville, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Raymond F. Buckley, Jr., and Martin N. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Defendant-appellant Kirk Fernandez was convicted of armed robbery and aggravated battery after a jury trial in the Circuit Court of Madison County. He was sentenced to concurrent terms of imprisonment of 20-40 years for armed robbery and one to three years for aggravated battery. On appeal, he contends that the verdict of the jury was not supported by sufficient evidence, that he was denied trial by a jury of his peers by improper jury selection, that certain evidentiary rulings by the trial court denied him a fair trial, that he was prejudiced by prosecutorial misconduct, and that the sentences imposed were excessive.

We must first note that the defendant's failure to file any post-trial

motion in the trial court could be deemed a waiver of all contentions of error here, and result in dismissal of the appeal. (*People v. Hammond*, 48 Ill. App. 3d 707, 362 N.E.2d 1361 (5th Dist. 1977), and authorities cited therein.) Although we find no error in the proceedings below affecting the substantial rights of the defendant, and therefore must affirm, we will discuss briefly some of the issues raised by the defendant.

The defendant's contention that he was not proved guilty beyond a reasonable doubt of the offenses charged is not supported by the record. The State's principal witness, Michael Reid, testified that he accompanied the defendant and one Donald Muench to a tavern where the three of them played pool and drank beer. Sometime during the evening, the defendant came out of the bathroom and said that the eventual victim of the robbery and beating had made a homosexual proposition to him. The defendant stated that he "was going to get him for it." Reid, Muench, and Fernandez left the bar shortly before closing time and waited for the victim to leave. They followed him, and when he arrived at his home and parked his car, the defendant ran up to him and hit him one or more times with some sort of club. When the victim's mother came to the door of the house, the defendant retreated to the car, and they drove away. As they were driving towards Muench's house in Reid's car, the defendant threw the victim's wallet and the club out of the car window.

■■ The testimony of this accomplice witness was clear, consistent, and convincing, and was materially corroborated in many respects. The jury had ample evidence before it from which to conclude that defendant had been proved guilty of armed robbery and aggravated battery.

■■ The defendant attempted to discredit Reid by introduction of a second written statement, made by Reid while he was in jail, which repudiated his original statement to police. He subsequently reaffirmed his original statement to the police which was consistent with his testimony at trial. Reid testified that he had been beaten and threatened in jail by five inmates who told him that the beating was a result of his initial statement inculpating the defendant. The inmates told him what to write in his second statement exculpating the defendant. Resolution of Reid's credibility was for the jury; we find no reason to disturb their conclusion.

■■ Nor do we think that the trial court's denial of the defendant's request that the jury be permitted to take Reid's written statement into the jury room during deliberations was error. Such a determination is within the sound discretion of the trial court and will not be disturbed unless it constitutes an abuse of discretion resulting in prejudice to the defendant. (*People v. Castillo*, 40 Ill. App. 3d 413, 352 N.E.2d 340 (1st Dist. 1976).) There was no prejudice here. In fact, a contrary ruling likely would have singled out the statement for undue emphasis. The court's ruling was well within its sound discretion, and we will not disturb it.

■ The defendant further contends that his rights were violated in that he, "being of Latin descent, had no members of his race on the jury panel, nor were any members of any other minorities selected as jury members." It is well settled that the right to be free from discrimination does not entitle a defendant to a jury which is a perfect mirror of the community; all he is entitled to is a trial by a jury from which members of his race (or other identifiable group in the community which may be the subject of prejudice) have not been intentionally excluded. (*Swain v. Alabama*, 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965); *People v. Teller*, 45 Ill. App. 3d 410, 359 N.E.2d 803, (1st Dist. 1977), and cases cited therein.) To make a prima facie case of purposeful discrimination, a defendant must show, at the least, a wide disparity between the total number of a particular group and the group's proportional representation on the jury list. (*People v. Teller.*) This the defendant here totally failed to do. There is no support of record for the assertion that people of Latin descent, however defined, are not proportionally represented on the Madison County jury rolls. Nor is the contention that prospective jurors were excused pursuant to an illegal "liberal excuse policy" supported by any facts of record. The procedure used to select jurors in the instant case is indistinguishable from that which our supreme court found not discriminatory in *People v. Powell*, 53 Ill. 2d 465, 292 N.E.2d 409 (1973). We have examined the defendant's other contentions as to prosecutorial misconduct and evidentiary rulings, but find no reversible error.

■■ Finally, we are not disposed to disturb the sentences imposed by the trial court, which were within statutory limits. The information before the court revealed a brutal and premeditated attack which left the victim nearly blind and in a mental and physical condition which defense counsel himself characterized as "pathetic." The 27-year-old defendant had been previously convicted of a felony and two misdemeanors. In light of the circumstances of the offenses and the history of the defendant, we can find no abuse of discretion in the sentences imposed. See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(c)(2).

For the foregoing reasons, the judgments of conviction and the sentences imposed by the Circuit Court of Madison County are affirmed.

Affirmed.

EBERSPACHER, P. J., and KARNS, J., concur.