THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUSSELL P. WEATHERS, Defendant-Appellant.

Third District No. 79-838

Opinion filed May 5, 1980.

Russell P. Weathers, of Menard, for appellant, *pro se.*

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Russell P. Weathers, was convicted of murder upon a plea of guilty in the Circuit Court of Rock Island County. Neither a motion to vacate the plea nor a direct appeal was filed by the defendant. This appeal is taken from a denial of the defendant's postconviction petition without a hearing.

The sole issue raised by the defendant is whether the facts adduced at the plea hearing were sufficient to demonstrate that the defendant possessed the necessary mental state to support a murder conviction.

The record shows that in the early morning hours of January 3, 1975, the defendant and a Mr. Kelly Wesley Pearson, the victim's brother, entered the apartment of the victim, Katherine Pearson. Ms. Pearson and the defendant knew each other and had, in fact, lived together previously. The defendant engaged in an argument with Ms. Pearson and some minor fighting took place in the living room. Subsequently, the defendant and Ms. Pearson went into a bedroom in the back of the apartment where they continued to argue. Mr. Pearson had a partial view of the bedroom and could see that the defendant held a sawed off single barrel shotgun in his hand. The argument between the defendant and Ms. Pearson continued and then a shot was fired, following which the defendant came out of the bedroom and told Mr. Pearson that he should get an ambulance and take Ms. Pearson to the hospital. The two men returned to the bedroom, where Ms. Pearson was lying on the bed with what appeared to be an injury to the left side of her head and her neck. An autopsy revealed that Ms. Pearson died from the wound to her neck. The defendant was arrested later the same day, after police officers followed tracks in the snow he had made upon leaving the victim's apartment. No dispute is raised regarding the veracity of this account of the incident.

At the plea hearing the defendant was advised of his rights and properly admonished of the consequences of his guilty plea by the trial judge in substantial compliance with Supreme Court Rule 402(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 402(a)). The trial judge then accepted the defendant's guilty plea and sentenced the defendant to a term of not less than 14 years nor more than 28 years, pursuant to the plea negotiated previously between the defendant and the state's attorney's office.

The defendant argues that his constitutional due process rights were violated, because the factual basis of his guilty plea does not show sufficient intent upon which to base a murder conviction. It is the State's contention that the defendant's failure to file a motion to vacate his plea or to file a direct appeal has effected a waiver of this issue.

■■ We agree that the defendant has waived the issue he now seeks to raise on appeal and affirm the order of the trial court denying his post-conviction petition. If the defendant believed an insufficient factual basis existed to support his guilty plea, he should have moved to vacate the plea. The record indicates that he was properly advised of the necessity of, and his right to, file a motion to vacate the plea as a preliminary step in perfecting a direct appeal. The defendant neither moved to vacate his plea nor attempted to file a direct appeal; instead, he elected to raise the question of error in a petition filed pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1.) Merely alleging that an insufficient factual basis existed to support his guilty plea, and, thus, that his conviction of murder, based on the plea, was a denial of due

process, does not elevate the alleged error to constitutional status, making it cognizable under the Post-Conviction Hearing Act.

Illinois Supreme Court Rule 402(c) states, "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." (Ill. Rev. Stat. 1977, ch. 110A, par. 402(c).) As the defendant admits in his reply brief, mere noncompliance with Supreme Court Rule 402 does not raise an issue of constitutional dimension but is relevant in a post-conviction proceeding only so far as the record does or does not demonstrate the defendant's plea was intelligently and voluntarily made. (*People v. Turner* (1975), 25 Ill. App. 3d 847, 852, 323 N.E.2d 371, 375.) We note that the defendant in the case at bar does not deny that his guilty plea was knowingly and intelligently made.

Fundamental to our adversary system is the concept that counsel must object at trial to errors. Failure to object may waive the right to raise certain errors in later proceedings. (*People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331; *People v. Coles* (1979), 74 Ill. 2d 393, 385 N.E.2d 694.) However, the waiver rule is not absolute. It is subject to the limitation that claims not raised at trial or in a direct appeal, and thus waived, may be considered in a collateral attack if fundamental fairness so requires. *People v. Sprinkle* (1976), 39 Ill. App. 3d 740, 350 N.E.2d 536.

If the defendant makes a substantial showing in his post-conviction petition that his constitutional rights have been violated, he is entitled to a hearing on his petition to determine the truth of his allegation. Unsupported allegations are insufficient to require a hearing. *People v. Rose* (1969), 43 Ill. 2d 273, 253 N.E.2d 456, *appeal after remand* (1971), 48 Ill. 2d 300, 268 N.E.2d 700.

In the case at bar, the defendant's allegations are not sufficient to require a hearing nor does fundamental fairness require that we ignore the waiver rule.

■ A voluntary guilty plea waives all nonjurisdictional errors, including violations of constitutional rights. (*People v. Loy* (1972), 52 Ill. 2d 126, 284 N.E.2d 634.) In the present case, the defendant does not contend that his guilty plea was other than voluntary and intelligently made. Thus, his guilty plea waived all errors or irregularities which are not jurisdictional.

The *Loy* court held that, in order to require a hearing, the defendant's post-conviction petition must make a substantial showing that the defendant's constitutional rights have been violated. (52 Ill. 2d 126, 130, 284 N.E.2d 634, 635-36.) The allegations in the present case fall far short of such a showing.

■■ A motion by the State to strike arguments from the defendant's reply brief was taken with the case, asking us to strike the defendant's arguments that he was denied the effective assistance of counsel, that the

waiver rule should not apply because of the plain error doctrine of Supreme Court Rule 615(a), and that the doctrine of *res judicata* should not apply where the right relied upon has been recognized for the first time after the direct appeal. We note that each of these arguments was raised for the first time in the defendant's reply brief, and, pursuant to Supreme Court Rules 341(e)(7) and 341(g), we grant the State's motion to strike them.

The order of the trial court dismissing the petition of the defendant is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.