THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KIRK FERNANDEZ, Defendant-Appellant.

Fifth District    No. 80-371

Opinion filed May 21, 1981.

Lance Haddix, of Chicago, for appellant.

Donald Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The petitioner below, Kirk Douglas Fernandez, appeals the denial of his request for post-conviction relief filed pursuant to section 122—1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1979, ch. 38, par. 122—1 *et seq.*) in the circuit court of Madison County on December 21, 1978. The underlying convictions based on charges of armed robbery and aggravated assault resulted in sentences of 20 to 40 years and 1 to 3 years, respectively, to be served concurrently.

It is not necessary to recount the facts leading up to the convictions concerned. These are sufficiently detailed in our opinion in *People v. Fernandez* (1978), 66 Ill. App. 3d 103, 383 N.E.2d 663, in which we affirmed the decision of the trial court. Leave to appeal was thereafter denied in the Illinois Supreme Court.

In order to obtain post-conviction relief a petitioner must demonstrate that in the proceedings which resulted in his conviction a substantial denial of constitutional right occurred. (Ill. Rev. Stat. 1979, ch. 38, pars. 122—1, 122—2.) The Post-Conviction Hearing Act is not a remedy for any and all trial errors. The deprivation complained of must be of constitutional dimension, and the mere allegation that a given error has constitutional underpinnings will not serve to elevate it to such status. *People v. Clark* (1980), 84 Ill. App. 3d 186, 188-89, 405 N.E.2d 450; *People v. Weathers* (1980), 83 Ill. App. 3d 451, 452-53, 404 N.E.2d 1011.

■■ We first respond to the appellant's argument that his conviction for both armed robbery and aggravated battery was improper because the latter is alleged to be a lesser-included offense of the former. He argues that this has thus placed him in double jeopardy. We find no merit in this contention. An examination of the authorities cited by the People makes this abundantly clear. The present charges for which concurrent terms of imprisonment were imposed were properly supportable under the facts as distinct offenses. (*People v. King* (1977), 66 Ill. 2d 551, 565-66, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) All of the elements required in the commission of aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(a)) are not required in effecting an armed robbery (Ill. Rev. Stat. 1977, ch. 38, pars. 18—1(a) and 18—2(a)). It is certainly possible to commit the latter without bludgeoning the victim as here. (*People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197.) These are both serious crimes based on independent wrongs, and the trial court properly entered sentence on both convictions. See *People v. Glaze* (1977), 48 Ill. App. 3d 523, 535, 362 N.E.2d 1287.

■■ The appellant further alleges that he did not receive adequate or effective representation by counsel during trial or on appeal. This record does not support such a conclusion. The grievances cited regarding the performance of defendant's privately retained counsel are nothing but the result of tactical trial and appellate defense decisions. Counsel's treatment of the alibi defense is an example of the exercise of professional judgment considering all of the facts before the jury. Under either test established in Illinois for determining the issue of adequate assistance of counsel, we have no doubt that Fernandez was properly represented. (*People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677; see *People v. Greer* (1980), 79 Ill. 2d 103, 120-21, 402 N.E.2d 203.) The same is true as to the single standard we adopted for both appointed and retained counsel in *People v. Scott* (1981), 94 Ill. App. 3d 159, 418 N.E.2d 805.

■■ Additionally, the appellant makes the following arguments: that he was denied a fair trial because of certain prosecutorial comments made in response to challenges to the credibility of the State's chief witness; that the circumstantial evidence adduced at trial concerning the charge of armed robbery was not sufficient to prove him guilty of that crime; that irrelevant evidence consisting of personal articles belonging to the victim was admitted at trial causing prejudice to his cause; that improper matters involving his criminal history were considered through inclusion in his presentence investigation report; and that his civil commitment by the State of California based upon his plea regarding drug charges was erroneously considered to be a felony conviction and resulted in the imposition of an excessive sentence. These issues are not properly subject to post-conviction relief under this record. Our affirmance of the trial court on direct review is *res judicata* as to all issues that were raised or that could have been raised during appeal. *People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331.

Finally, the State has raised argument not initially addressed by appellant concerning the trial court's failure to enter a formal judgment on the verdict. Cited and extensively discussed is our decision in *People v. Vaughn* (1981), 92 Ill. App. 3d 913, 416 N.E.2d 681. Again we find that for purposes of relief under the Post-Conviction Hearing Act such omission by the trial court does not amount to a substantial deprivation of constitutional rights and is therefore not a cognizable subject for relief. Ill. Rev. Stat. 1979, ch. 38, par. 122—1.

For all the foregoing reasons we affirm the judgment of the circuit court of Madison County.

Affirmed.

KARNS and JONES, JJ., concur.