THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY JOHNSON, Defendant-Appellant.

Fifth District   No. 5—89—0740

Opinion filed June 5, 1991.—Rehearing denied July 9, 1991.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

No brief filed for the People.

JUSTICE HOWERTON delivered the opinion of the court:

The defendant, Stanley Johnson, was convicted of burglary by a jury in the circuit court of Clinton County. Defendant was sentenced to nine years' imprisonment and ordered to pay $19,998.78 restitution to J.C. Penney's, the victim of his burglary. On appeal, defendant contends that the court abused its discretion in ordering him to pay restitution of $19,998.78, or in the alternative, this cause should be remanded to the trial court in order that a time limit or method of payment be established. On motion of the State, this cause was taken under advisement without appellee's brief and without oral argument (134 Ill. 2d R. 352(a)). We must dismiss this appeal because of defendant's failure to file a post-trial motion.

■■ ■ Section 116—1 of the Code of Criminal Procedure of 1963 states:

"(a) Following a verdict or finding of guilty the court may grant the defendant a new trial.

(b) A written motion for a new trial shall be filed by the defendant within 30 days following the entry of a finding or the return of a verdict. Reasonable notice of the motion shall be served upon the State.

(c) The motion for a new trial shall specify the grounds therefor." (Ill. Rev. Stat. 1989, ch. 38, par. 116—1.)

The filing of a post-trial motion is applicable to a bench trial as well as a jury trial. (*People v. Enoch* (1988), 122 Ill. 2d 176, 187-88, 522 N.E.2d 1124, 1130.) The filing of a post-trial motion is not without its purpose. Failure to raise issues in the trial court denies that court the opportunity to grant a new trial, if warranted, or correct other errors which may have occurred at the trial level. This casts a needless burden of preparing and processing appeals upon appellate counsel for the defense, the prosecution, and upon the court of review. Without a post-trial motion limiting the consideration to errors considered signif-

icant, the appeal is open-ended. Appellate counsel may comb the record for every semblance of error and raise issues on appeal whether or not trial counsel considered them of any importance. *People v. Caballero* (1984), 102 Ill. 2d 23, 31, 464 N.E.2d 223, 226.

■ There have been exceptions to the requirement of filing a post-trial motion by a defendant. It has been held that the requirement of a written motion can be waived if a defendant makes an oral motion for a new trial and the State does not object. The defendant may then avail himself of any ground for a new trial which might appear in the record. This apparent circumvention of the requirement that the motion for a new trial be in writing and specify the grounds is based on the concept of waiver. Since the State failed to object to the oral motion, it has waived the requirement of the statute. (*Enoch*, 122 Ill. 2d at 188, 522 N.E.2d at 1130-31; *People v. Flynn* (1956), 8 Ill. 2d 116, 118-20, 133 N.E.2d 257, 258.) However, when no motion for a new trial is made, the first opportunity that the State has to object to defendant's failure to comply with the statute is when the defendant raises issues on appeal. (*Enoch*, 122 Ill. 2d at 188, 522 N.E.2d at 1131.) Defendant in the case at bar also failed to make a motion to present an oral post-trial motion.

■ ■ Another exception to the filing of a written post-trial motion is the plain-error doctrine of Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). That rule provides that any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court. (*Enoch*, 122 Ill. 2d at 189, 522 N.E.2d at 1131.) Failure to file a written post-trial motion limits appellate review to: (1) constitutional issues which have been raised at trial and which can be raised later in a post-conviction petition (Ill. Rev. Stat. 1989, ch. 38, par. 122—1); (2) sufficiency of the evidence; and (3) plain error. By limiting appellate review in cases where no post-trial motion is filed, judicial economy and finality of judgments will be promoted. At the same time, the integrity of the judicial system and the rights of criminal defendants will be protected. *Enoch*, 122 Ill. 2d at 190, 522 N.E.2d at 1132.

■ In *People v. Hammond* (1977), 48 Ill. App. 3d 707, 362 N.E.2d 1361, this court dismissed defendant's appeal for his failure to file any post-trial motion. The issues presented for review on that appeal were the propriety of the trial court's refusal to instruct the jury on the offense of criminal damage to property and the correctness of the jury's determination that the intoxication defense was not valid. In dismissing the appeal, we explained that the reasons for the waiver

rule are two-fold: to inform the trial court of a possible mistake so as to give it an opportunity to correct the mistake, and to not allow a defendant to object to that which he had acquiesced in; therefore, the policy behind the waiver rule is broader than merely the situation where a defendant fails to include an issue in his written post-trial motion. We further explained that a defendant who failed to file any post-trial motion also fails to inform the trial court of an alleged error so as to give it the opportunity to correct the error and such a failure may also have been, in fact, an acquiescence in the error alleged. *Hammond*, 48 Ill. App. 3d at 708-09, 362 N.E.2d at 1362.

■ In *People v. Fernandez* (1978), 66 Ill. App. 3d 103, 383 N.E.2d 663, the defendant, who was sentenced to concurrent terms of imprisonment of 20 to 40 years for armed robbery and one to three years for aggravated battery, alleged on appeal that he was not proved guilty beyond a reasonable doubt, that the jury was improperly selected, that certain evidentiary rulings by the trial court denied him a fair trial, that he was prejudiced by prosecutorial misconduct, and that the sentences imposed were excessive. Fernandez, however, failed to file any post-trial motion. This court noted that the failure to file any post-trial motion in the trial court could be deemed a waiver of all contentions of error, resulting in dismissal of the appeal. (*Fernandez*, 66 Ill. App. 3d at 104-05, 383 N.E.2d at 664.) After this court failed to find plain error, it did, however, discuss certain alleged errors and affirm the conviction.

In the case at bar, the defendant is not attacking his conviction but is attacking only a portion of his sentence. In *People v. Parr* (1976), 35 Ill. App. 3d 539, 341 N.E.2d 439, this court held that the failure to file a motion to reduce sentence does not constitute a waiver of the severity of the sentence imposed. *Parr*, however, is factually distinguishable from the case presently before us. Parr was convicted of involuntary manslaughter by a jury and received a sentence of from three to nine years' imprisonment. On appeal, beside excessiveness of sentence, Parr contended that he was not proved guilty beyond a reasonable doubt and the trial court erred in giving a certain non-Illinois Pattern Jury Instruction. There is no indication in the *Parr* opinion that a post-trial motion was not filed. In the case at bar, no post-trial motion in any form was filed; therefore, as held in *Fernandez*, this cause can be dismissed.

■ In the case at bar, defendant only questions the imposition of restitution pursuant to section 5—5—6 of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—6). No plain error is alleged and no exception to the waiver rule applies. Not only did he

not file a written post-trial motion, he failed to request of the trial court a statement of reasons for the sentence to pay restitution, which also waives the issue for appeal. See *People v. Davis* (1982), 93 Ill. 2d 155, 162-63, 442 N.E.2d 855, 858; see also *People v. Wallace* (1991), 143 Ill. 2d 59.

For defendant's failure to file a written post-trial motion, this appeal is dismissed; see *People v. Hammond* (1977), 48 Ill. App. 3d 707, 362 N.E.2d at 1362.

Appeal dismissed.

RARICK, P.J., and LEWIS, J., concur.